IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Wilbert Harris** : | |
| : | |
| v. : | CA No. 11-0114 (RJL) |
| : | |
| **United States,  John Sheets** : | |
| **And Officers John Does,** : | |
| **(Department Of Veterans Affairs** : | |
| **Security Officers  )** : | |
| : | |

## AMENDED COMPLAINT FOR DAMAGES UNDER
## THE FEDERAL TORT CLAIMS ACT
## AND VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS

**COMES NOW** Plaintiff, Wilbert Harris, by and through undersigned counsel and respectfully files this Amended Complaint against the United States Government for damages pursuant to the Federal Tort Claims Act (assault/battery and false imprisonment/false arrest), as set forth herein, and against Defendants John Sheets and Department of Veteran Affairs Security officers John and/or Jane Does for violations of Plaintiff's constitutional rights, which caused him to suffer physical injuries and to worsen his previously existing emotional and psychological condition.

### JURISDICTION AND VENUE

1.  Claims herein are brought pursuant to the Federal Tort Claims Act, 28 U.S.C. Section 2671, et seq. and Section 1346(b)(1) for monetary damages as compensation that was caused by the wrongful acts of employees of the United States government while acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to Plaintiff under the laws of the District of Columbia. Plaintiff has dutifully exhausted his rights under the Federal Tort Claims Act as per his non-constitutional

1

claims.  These federal tort claims include assault, battery, false arrest, and false imprisonment Plaintiff further asserts violations of his rights under the 4th and 5th Amendments to the United States Constitution against Defendants John Sheets and Security Officers John and Jane Doe, including but not limited to their rights be free from unconstitutional seizures and false arrests.

    2.    Venue is proper in that all of the wrongful acts on Defendants' part occurred in the District of Columbia and arose from the assault upon Plaintiff by Mr. John Sheets, a then government employee, and Plaintiff's subsequent false arrest.

## PARTIES

3. Plaintiff Wilbert Harris ("Harris) was at all times referenced herein an African-American, Vietnam veteran suffering from post traumatic stress disorder.  Harris also has a ninety percent (90%) disability rating as a result of combat injuries he received while on active duty during the Vietnam War from July 1966 to July 1968.  He has received treatment for PTSD and related illnesses exclusively at the Veterans Administration Hospital for forty-two (42) years.

4. Defendant, United States Government, controls and operates the United States ("U.S.") Department of Veteran Affairs.

5. Defendant John Sheets ("Sheets") was at all times referenced herein an employee of the U.S. Department of Veterans Administration and a licensed social worker entrusted with providing psychological care and counseling to post war traumatized and mentally vulnerable veterans.

6. Defendants John and/or Jane Does, at all times Security Officers of the Department of Veterans Affairs, acting under the color of  Agency authority, accosted and arrested

Plaintiff and charged him unjustifiably with disorderly conduct, said charges being dismissed.

7. Plaintiff has timely complied with the provisions of 28 U.S.C. Section 2675 of the Federal Tort Claims Act prior to filing the immediate action.

**FACTS COMMON TO ALL CLAIMS**

8. On or about November 5, 2008, the day after the election of President Obama as the first African-American President of the United States, Plaintiff attended a group session for veterans suffering with PTSD conducted by Sheets.  Approximately 15-20 other veterans were in attendance.  The session started at about 1:00 p.m.

9. This was a continued program which provided ongoing treatment for Plaintiff and other similarly victimized veterans.  Defendant Sheets was thus familiar with Harris and was fully apprised of his mental and physical disabilities, including that Harris walked with a cane.

10. Prior to the session, Harris secured a newspaper which stated the unprecedented headline that Barack Obama had been elected the first African-American President.  As he sat in the class, Harris proudly displayed the headline on the front page of the paper to his fellow session attendees.

11. Sheets immediately admonished Harris for doing so.  As he put the paper down, he indicated to Sheets that he thought his group members equally appreciated the election of Obama to the presidency.

12. Sheets responded with great hostility and aggression and ordered Harris to leave the session.  He also indicated to Harris that he was a Republican.  Sheets simultaneously

and angrily left the room, although he was the group moderator. At that time his assistant conducted the group session.

13. Sheets confronted Harris. Three (3) Department of Veterans Affairs ("DVA" or "Agency") police officers arrived on the scene.

14. At that time, Sheets told Harris that he could not return to the group, to which Harris responded in disbelief.

15. Harris, having done nothing illegal, then started to return to the room at which time Sheets and the officers grabbed him. Defendant John Doe officers then forced Harris' hands behind his back, forcefully threw him down to the floor, and handcuffed him. Sheets then closed the door to the session so that no one could see what was going on.

16. As he was being detained, Harris complained that he could not breathe. Defendant John Doe security officers ignored Harris, who continued to scream that he could not breathe and that the handcuffs were too tight.

17. Defendant John Doe officers then took Harris to a Department clinic and subsequently, to a holding cell where his feet were placed in shackles. He was detained for several hours overall.

18. At all times referenced herein, Defendant had no probable cause to detain Plaintiff.

19. At no time did Plaintiff violate any law, threaten violence, or threaten Defendant or anyone else in any way. Further, there were no exigent circumstances.

20. As a result of Defendant John Does' intentional and deliberate actions in resulting in tort and constitutional violations, Plaintiff suffered emotional distress, mental anguish, and incurred loss to his reputation and standing in the community.

21. Plaintiff asserts the theory of *respondeat superior* where appropriate.

### COUNT I
### VIOLATION OF 28 U.S.C. SECTION 2680
### ASSAULT/BATTERY AGAINST DEFENDANT UNITED STATES GOVERNMENT

22. Plaintiff incorporates paragraphs 1-21 as if fully set forth herein.

23. Plaintiff was assaulted and battered when the three (3) Agency officers grabbed him, forced his hands behind his back, forcefully threw him down to the floor, and handcuffed him, without justification or provocation.

24. Because these acts and events were undertaken and caused by employees and security officers of the United States, the United States has waived immunity as per the Federal Tort Claims Act.

25. As a direct and proximate result of the intentional and wrongful actions of Defendant, Plaintiff suffered physical harm, emotional distress and mental anguish.

**WHEREFORE** Plaintiff respectfully requests that this court enter judgment for him, and:

    (a) Award compensatory damages against Defendant for the claims asserted hereunder, in an amount to be determined at trial, but in any event not less than $100,000, plus interest;

    (b) Award Plaintiff the costs of this suit, including reasonable attorney's fees; and

    (c) Such other relief as this Court deems just and proper.

### COUNT II
### VIOLATION OF 28 U.S.C. SECTION 2680
### FALSE ARREST/IMPRISONMENT AGAINST UNITED STATES GOVERNMENT

26. Plaintiff incorporates paragraphs 1-25 as if fully set forth herein.

27. On or about November 2008, Defendant, through its agents, wrongfully and unlawfully deprived Plaintiff of his liberty.

28. Plaintiff committed no act against Defendant or any other party that justified his arrest, imprisonment, restraint or detention.

29. Further, Defendant through its agents lacked probable cause to arrest and detain Plaintiff.

30. As a direct and proximate result of Defendant's agents' intentional and wrongful actions, Plaintiff suffered physical harm, emotional distress, mental anguish, and incurred loss to his reputation and standing in the community.

**WHEREFORE** Plaintiff respectfully requests that this court enter judgment for him, and:

(a) Award compensatory damages against Defendant United States for the claims asserted hereunder, in an amount to be determined at trial, but in any event not less than $100,000, plus interest; and

(b) Award Plaintiff the costs of this suit, including reasonable attorney's fees; and

(c) Such other relief as this Court deems just and proper.

## COUNT III
## UNCONSTITUTIONAL ARREST
## VIOLATION OF FOURTH/FIFTH AMENDMENT

31. Plaintiff incorporates paragraphs 1-30 as if fully set forth herein.

32. Defendant Sheets and John Does unlawfully and unreasonably arrested and detained Plaintiff without probable cause, reasonable suspicion or any exigent circumstances.

33. There was simply no justification for Defendants to confine, detain, or seize Plaintiff or to charge him with any criminal offense.

34. Defendants Sheets and John Does acted at all times herein as agents of the Department of Veterans Affairs law when they arrested Plaintiff.

35. Defendant Sheets and John Does actions were unreasonable, unlawful and violated Plaintiff's Fourth and Fifth Amendment rights to be free from unlawful searches and seizures.

36. As a direct and proximate result of Defendants Sheets and John Does' intentional, wrongful and malicious actions, and deliberate indifference to his rights, Plaintiff suffered physical harm, emotional distress, mental anguish, embarrassment, humiliation, and financial losses.

**WHEREFORE** Plaintiff respectfully requests that this court enter judgment against Defendant s Sheets and John Does, and:

   (a) Award compensatory damages against Defendants Sheets and John Does for the claims asserted hereunder, in an amount to be determined at trial, but in any event not less than $100,000, plus interest;

   (b) Award Plaintiff the costs of this suit, including reasonable attorney's fees; and

   (c) Such other relief as this Court deems just and proper.

## COUNT IV
## EXCESSIVE FORCE
## VIOLATION OF FOURTH/FIFTH AMENDMENT

37. Plaintiff incorporates paragraphs 1-36 as if fully set forth herein.

38. At all times relevant herein, Defendants Sheets and John Does had no right to touch Plaintiff and to use any force whatsoever toward him.  Nevertheless, Defendants wrongfully, unlawfully and maliciously used unreasonable and excessive force against Plaintiff, inasmuch as Plaintiff during a session involving his victimization for PTSD, and while already disabled was forcefully handcuffed and detained.  At no time did Plaintiff resist Defendants Sheets and John Does' arrest.

39. As a direct and proximate result of Defendants Sheets and John Does' deliberate indifference to and intentional violation of Plaintiff's rights, Plaintiff suffered physical harm, emotional distress, mental anguish, embarrassment, humiliation, and financial losses.

**WHEREFORE** Plaintiff respectfully requests that this court enter judgment against Defendant Sheets and John Does for Plaintiff, and:

(a) Award compensatory damages against Defendants for the claims asserted hereunder, in an amount to be determined at trial, but in any event not less than $100,000, plus interest;

(b) Award Plaintiff the costs of this suit, including reasonable attorney's fees; and

(c) Such other relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

                                        Respectfully submitted,

                                        _____
Donald M. Temple, Esq.
1229 15th Street, N.W.
Washington, D.C. 20005
(202) 628-1101 (Phone)
(202) 628-1149 (Fax)
dtemplelaw@gmail.com
***Attorney for Plaintiff***