UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILBERT HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 11-114 (RJL) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| VETERANS AFFAIRS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM ORDER**
(March 2⒌ 2012) [Dkt. # 8]

On January 18, 2011, plaintiff Wilbert Harris filed a complaint against the United States Department of Veterans Affairs (the "VA") seeking damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, for assault and battery, false imprisonment and false arrest, and unconstitutional arrest and excessive force in violation of his 4th Amendment rights. *See* Compl. [Dkt. #1] at 1, ¶¶ 18-35. On February 28, 2011, the summons and complaint was served on a representative authorized to accept service on behalf of the United States Attorney's Office. Aff. of Serv. [Dkt. #4]. On April 29, 2011, the VA filed a Motion for Partial Dismissal of the Complaint ("VA's Mot. to Dismiss") [Dkt. #6], seeking to dismiss Count III and Count IV of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and

Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[1] VA's Mot. to Dismiss at 1. The VA argued that "the FTCA authorizes suits against the 'United States' in its name only" and, in any event, claims for damages "are barred by the doctrine of sovereign immunity." VA's Mot. to Dismiss at 1-2. On July 14, 2011, plaintiff conceded to the dismissal of Counts III and IV, and indicated that he "expect[ed] to seek leave of this [C]ourt to amend the subject complaint to substitute the United States as a proper party defendant in lieu of the United States Department of Veterans Affairs." Pl.'s Resp. to Def.'s Mot. for Partial Dismissal of the Compl. [Dkt. #10] at 1. To date, plaintiff has not filed a motion for leave to file an amended complaint.

However, on May 25, 2011, more than twenty-one days after the motion to dismiss was filed and without leave of court or consent of the opposing party, plaintiff filed an amended complaint against the United States, John Sheets, and an indeterminate number of John Doe Security Officers of the Department of Veterans Affairs (together, "defendants"), again alleging assault, battery, false imprisonment, and false arrest pursuant to the FTCA, and unconstitutional arrest and excessive force in violation of his 4th Amendment rights. Am. Compl. [Dkt. #7] ¶¶ 4-6, 22-39. The VA opposed the amendment on several grounds. *See* Def.'s Opp'n to Pl.'s Am. Compl., June 14, 2011 ("VA's Opp'n") [Dkt. #8]. *First*, the VA objected to the amendment because plaintiff did not comply with Rule 15's twenty-one day deadline for filing an amended complaint

---

[1] In its motion, the VA specifically requested dismissal of Counts III and IV, but did not, except for general references to "suits for money damages" for "an alleged common law tort," VA's Mot. to Dismiss at 5, directly mention Counts I and II. Therefore, according to the Court's reading of the VA's motion, the VA has not requested dismissal of Counts I and II.

2

as of right—instead filing his amended complaint twenty-six days after the VA's motion to dismiss—and did not seek leave of court or consent of the VA. VA's Opp'n at 2-3. *Second*, the VA argued that plaintiff has misjoined the new defendants. *Id.* at 3. *Finally*, the VA argued that amendment is futile because the claims against the individually named defendants in the amended complaint are barred by the statute of limitations. The VA explicitly disavowed representation of the individual defendants.[2] *Id.* at 4.

Under Rule 15 of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision of whether to grant leave to amend is ultimately "vested in the sound discretion" of the district court. *Doe v. McMillan*, 566 F.2d 713, 720 (D.C. Cir. 1977). When deciding on a motion for leave to amend the complaint, the court should consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Harris v. Sec'y, U.S. Dep't of Veterans Affairs*, 126 F.3d 339, 344 (D.C. Cir. 1997) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

---

[2] There is no indication in the record that the defendants named in the amended complaint have been served. *See* VA's Opp'n at 2 n.2.

Accordingly, upon consideration of the interests of justice, the fact that discovery has not yet commenced in this action, Pl.'s Mot. for Status [Dkt. #12] at 2, and that the VA does not represent the defendants, it is, this 25th day of March 2012, hereby

**ORDERED** that the Department of Veterans Affairs' motion to dismiss is GRANTED as conceded; it is further

**ORDERED** that Count III and Count IV against the Department of Veterans Affairs are DISMISSED; and it is further

**ORDERED** that, in the interest of justice, plaintiff has been GRANTED leave to file an amended complaint; and it is further

**ORDERED** that the defendants have sixty (60) days from the date of service of the amended complaint to respond.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge