IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Wilbert Harris** | : | |
| | : | |
|     **Plaintiff,** | : | |
| v. | : | CA No. 11-0114 (RJL) |
| | : | |
| **UNITED STATES** | : | |
| **(DEPARTMENT OF** | : | |
| **VETERANS AFFAIRS)** | : | |
| | : | |
|     **Defendant.** | : | |
| | : | |

**AMENDED COMPLAINT FOR DAMAGES UNDER
THE FEDERAL TORT CLAIMS ACT
AND VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS**

**COMES NOW** Plaintiff, Wilbert Harris, by and through undersigned counsel, and respectfully files this Amended Complaint against the United States Government, as per the acts of its Department of Veteran Affairs ("USDVA") for damages pursuant to the Federal Tort Claims Act as set forth herein.

**JURISDICTION AND VENUE**

1.      Claims herein are brought pursuant to the Federal Tort Claims Act, 28 U.S.C. Section 2671, et seq. and Section 1346(b)(1) for monetary damages as compensation that were caused by the wrongful acts of Defendant's employees while acting within the scope of their offices and employment.  Plaintiff has dutifully exhausted his rights under the Federal Tort Claims Act as per his non-constitutional claims.  Claims asserted herein claims include assault, battery, false arrest/imprisonment. Negligence and emotional infliction of emotional distress.

1

2. Venue is proper in that all of Defendant's wrongful acts occurred in the District of Columbia and arose from the assault upon Plaintiff by Mr. John Sheets, a then government employee, and several security employees.

## PARTIES

3. Plaintiff Wilbert Harris ("Harris) was at all times referenced herein an African-American, Vietnam veteran suffering from severe post traumatic stress disorder. Harris also has a ninety percent (90%) disability rating as a result of combat injuries he received while on active duty during the Vietnam War from July 1966 to July 1968. He has received treatment for PTSD and related illnesses exclusively at the Veterans Administration Hospital for forty-two (42) years. At no time did he commit any act of violence.

4. Defendant is the United States Department of Veteran Affairs which employed the subject officers. John Sheets ("Sheets") was at all times referenced herein an employee of the U.S. Department of Veterans Administration, a white American, and a licensed social worker highly familiar with Vietnam War related PTSD and highly entrusted with providing psychological care and counseling to post war traumatized and mentally vulnerable veterans.

5. Plaintiff has timely complied with the provisions of 28 U.S.C. Section 2675 of the Federal Tort Claims Act prior to filing the immediate action.

## FACTS COMMON TO ALL CLAIMS

6. On or about November 5, 2008, the day after the election of President Obama as the first African-American President of the United States, Plaintiff attended a group session for veterans suffering with PTSD at the Department of Veterans Administration, conducted

by Sheets and his assistant. Approximately 15-20 veterans were in attendance; most were African-American. The session started at about 1:00 p.m.

7. This was a continued program which provided ongoing treatment for Plaintiff and other similarly victimized war veterans. Sheets was familiar with Harris and was fully apprised of his mental and physical disabilities having been the group's "leader" for approximately six (6) years.

8. Prior to attending the session, Harris purchased a newspaper. Its headline announced that Barack Obama had been elected the first African-American President of the United States. After entering the session, Harris took a seat and then proudly displayed the morning Headline to his fellow session attendees, who affirmed his gesture.

9. Sheets reacted impulsively and angrily, immediately chastising Harris for doing so. To which Harris responded: we're here to share our pain. Why can we share our joy? This is historical."

10. Sheets responded aggressively and ordered Harris to leave, to which Harris reminded him that he was there to for treatment not confrontation. Sheets then left the class and the room for approximately 5-6 minutes and reappeared with three (3) police officers.

11. At that time, Harris was ordered to step outside the room. He did so cooperatively. As he stood at the classroom entrance, to the side of the door, Sheets told the police that Harris had caused a "disturbance."  Police officers, including Officer Gentry, Nesbitt and at least one additional officer arrived on the scene.

12. At that time Harris explained that he had only displayed the newspaper Headline and that it was a joyous historical moment which did not justify expulsion from the session.

Sheets still insisted that Harris could not return to group or continue treatment. Neither he nor the officers attempted to diffuse the situation.

13. Harris turned away and attempted to re-enter the room, where his personal items remained.

14. Immediately and with no warning, the DVA officers grabbed him, forced his hands behind his back, forcefully threw him to the floor, handcuffed him, and pl aced him under arrest. All three (3) officers were involved. Sheets then closed the door where the session was being conducted so that no one could see what was going on.

15. When Harris was detained the officers grabbed him in a manner that forced the handcuffs to lock tighter to his wrists. Officers ignored his pleas to loosen them and continued to forcefully restrain him. Harris continued to scream and yell "why would you do this to me! What have I done?"

16. At no time was Harris violent, or confrontational. Nevertheless, the incident report falsely stated that he was "aggressive", "combative" confrontational prior to his detention.

17. Agency officers initially detained Harris and then subsequently transferred him to the VA Emergency Room where he was hospitalized.

18. Harris was charged with disorderly conduct, which charge was subsequently dismissed.

19. As a result of Defendant's intentional and  negligent actions, Plaintiff suffered emotional distress, mental anguish, and incurred loss to his reputation and standing in the community.

20. Plaintiff asserts the theory of *respondeat superior* where appropriate.

## COUNT I
## FALSE ARREST/IMPRISONMENT

21. Plaintiff incorporates paragraphs 1-21 as if fully set forth herein.

22. On or about November 2008, Defendant, through its agents, wrongfully and unlawfully deprived Plaintiff of his liberty.

23. Plaintiff committed no act against Defendant or any other party that justified his arrest, imprisonment, restraint or detention.

24. Further, Defendant through its agents lacked probable cause to arrest and detain Plaintiff.

25. As a direct and proximate result of Defendant's agents' intentional and wrongful actions, Plaintiff suffered physical harm, emotional distress, mental anguish, and incurred loss to his reputation and standing in the community.

**WHEREFORE** Plaintiff respectfully requests that this court enter judgment for him, and:

(a) Award compensatory damages against Defendant for the claims asserted hereunder, in an amount to be determined at trial, but in any event not less than $100,000, plus interest; and

(b) Award Plaintiff the costs of this suit, including reasonable attorney's fees; and

(c) Such other relief as this Court deems just and proper.

## COUNT II
## ASSAULT/BATTERY

26. Plaintiff incorporates paragraphs 1-26 as if fully set forth herein.

27. Plaintiff was assaulted and battered when the three (3) Agency officers grabbed him, forced his hands behind his back, forcefully threw him down to the floor, and handcuffed him, without justification or provocation.

28. Because these acts and events were undertaken and caused by employees and security officers of the Defendant has waived immunity as per the Federal Tort Claims Act.

29. As a direct and proximate result of the intentional and wrongful actions of Defendant, Plaintiff suffered physical harm, emotional distress and mental anguish.

**WHEREFORE** Plaintiff respectfully requests that this court enter judgment for him, and:

   (a) Award compensatory damages against Defendant for the claims asserted hereunder, in an amount to be determined at trial, but in any event not less than $100,000, plus interest;

   (b) Award Plaintiff the costs of this suit, including reasonable attorney's fees; and

   (c) Such other relief as this Court deems just and proper.

## COUNT III
## NEGLIGENCE

30. Plaintiff incorporates paragraphs 1-306 as if fully set forth herein.

31. Defendant through its PTSD Counselor Sheets owed a duty to treat Plaintiff during the time that he was under its care for treatment of PTSD in a manner that was sensitive to his victimization and that would physically and emotionally protect him. Rather, than act in accordance with his level of trust and professional judgment, Sheets became mean spirited and vindictive about Obama's election. His response was personal: exclude Plaintiff from his class, call security and arrest him if necessary. Sheets was keenly equipped with the knowledge of Plaintiff's diagnosis and was familiar with him; he knew that he was not a criminal. Further, Sheets had the skills to have resolved this manner in a less harmful and more professional manner.

32. He failed miserably to do so, thereby causing an unnecessary threatening confrontation and causing unnecessary harm to Harris.

33. As a direct and proximate result of Defendant's negligence, Plaintiff suffered physical harm, emotional distress and mental anguish.

**WHEREFORE** Plaintiff respectfully requests that this court enter judgment for him, and:

(d) Award compensatory damages against Defendant for the claims asserted hereunder, in an amount to be determined at trial, but in any event not less than $100,000, plus interest;

(e) Award Plaintiff the costs of this suit, including reasonable attorney's fees; and

(f) Such other relief as this Court deems just and proper.

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

34. Plaintiff incorporates paragraphs 1-34 as if fully set forth herein.

35. At all times referenced herein, VA Employee Sheets was entrusted with the care of Veterans who were significantly mentally and emotionally ill.  As such, he knew or should have known that his calling of security and excluding Plaintiff from the class would result in further emotional and mental harm to Plaintiff.  He also knew there was no basis to arrest Harris for any criminal violation.  Nevertheless, he called security and angrily and recklessly caused them to become involved in the unnecessary arrest and detention thereby breaching his duty to Harris.

36. As a result of Sheets' actions, Plaintiff's victimization was worsened and his simple expression of joy punished by a violent arrest, and an exaggerated criminal charge.

37. As a direct and proximate result of the intentional and wrongful actions of Defendant, Plaintiff suffered physical harm, emotional distress and mental anguish.

. **WHEREFORE** Plaintiff respectfully requests that this court enter judgment against Defendant


(a) Award compensatory damages against Defendant for the claims asserted hereunder, in an amount to be determined at trial, but in any event not less than $100,000, plus interest;

(b) Award Plaintiff the costs of this suit, including reasonable attorney's fees; and

(c) Such other relief as this Court deems just and proper.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiff incorporates paragraphs 1-38 as if fully set forth herein.

39. At all times referenced herein, VA Employee Sheets was entrusted with the care of Veterans who were significantly mentally and emotionally ill. He knew Plaintiff.

40. Sheets allowed his personal views to influence his professional judgment and acted in a manner that he hoped would cause intentional harm to Plaintiff, including physical harm and his arrest.

41. Sheets should not have called Security for this minor classroom interruption.

42. Sheet's exclusion of Harris from therapy, causing Harris's arrest and detention and to be charged with disorderly conduct was outrageous under the circumstances.

43. He knew or should have known that his calling of security and excluding Plaintiff from the class would result in further emotional and mental harm to Plaintiff. He also knew there was no basis to arrest his client for any criminal violation. Nevertheless, he called security and angrily and recklessly caused them to become involved in the unnecessary arrest and detention.

44. He thus intentionally inflicted emotional distress upon Plaintiff. As a result of Sheets' actions, Plaintiff's victimization worsened and his simple expression of joy punished by a violent arrest, and an exaggerated criminal charge.

45. As a direct and proximate result of Defendant's intentional and wrongful actions suffered physical harm, emotional distress and mental anguish.

WHEREFORE Plaintiff respectfully requests that this court enter judgment against Defendant

    (d) Award compensatory damages against Defendant for the claims asserted hereunder, in an amount to be determined at trial, but in any event not less than $100,000, plus interest;

    (e) Award Plaintiff the costs of this suit, including reasonable attorney's fees; and

    (f) Such other relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

Respectfully submitted,

*Donald M. Temple*
Donald M. Temple, Esq.
1229 15th Street, N.W.
Washington, D.C. 20005
(202) 628-1101 (Phone)
(202) 628-1149 (Fax)
dtemplelaw@gmail.com
***Attorney for Plaintiff***