UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILBERT HARRIS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Case No. 11-114 (RJL) |
| UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, | ) |
| Defendant. | ) |

MEMORANDUM OPINION
(June 7, 2013) [Dkt. #20]

Plaintiff Wilbert Harris ("Harris" or plaintiff) brings this action against the United States Department of Veterans Affairs (the "VA" or defendant) seeking damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, for false arrest and false imprisonment, assault and battery, negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress. Am. Compl. [Dkt. #15]. Before the Court is the defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment. Def.'s Mot. to Dismiss or for Summ. J. [Dkt. #20]. Upon consideration of the defendant's motion, the plaintiff's opposition, the defendant's reply to the opposition thereto, and the entire record in this case, the Court concludes that summary judgment should be GRANTED in favor of defendant.

## BACKGROUND

Plaintiff is a veteran of the Vietnam War. Am. Compl. ¶ 3. He served in the Marine Corps from July 18, 1966 to July 16, 1968. Decision Review Officer Decision ("DROD") [Dkt. #30-2] 1. Plaintiff receives treatment at the United States Department of Veterans Affairs Medical Center ("VAMC") for Post-traumatic Stress Disorder ("PTSD"). Wilbert Harris Aff. ¶ 2 [Dkt. #25-2]. In March 2002, Plaintiff was evaluated by VAMC and assigned a PTSD disability rating of 50 percent.[1] DROD at 1.

On the afternoon of November 6, 2008, Harris attended a PTSD group therapy session at the VAMC led by John Sheets, a licensed social worker. Am. Compl. ¶¶ 4, 6; Def.'s Statement of Material Facts Not In Dispute ("Def.'s Facts") [Dkt. #20] ¶¶ 1, 3. Harris and Sheets have had an ongoing patient-therapist relationship since approximately 2005. Decl. of David Sheets ("Sheets Decl.") [Dkt. #20-2] ¶ 3. Harris attended the session along with fifteen to twenty other veterans. Am. Compl. ¶ 6. He arrived late. Sheets Decl. ¶ 6. Harris brought a newspaper article about President Barack Obama's 2008 election victory with the "inten[tion] to share what he thought was a joyous historical moment." Pl.'s Statement of Material Facts In Dispute ("Pl.'s Facts") [Dkt.

---

[1] On December 7, 2011, the VA adjusted plaintiff's PTSD disability from 50 percent to 70 percent. DROD at 1. The written decision by the Decision Review Officer indicates that plaintiff should have received a 70 percent rating in 2002. *Id.* at 2–5. The adjustment does not indicate that plaintiff's PTSD symptoms increased between 2002 and 2011. *See* Decl. of David M. Svirsky [Dkt. #28-1] ¶ 7. The DRO decision made no change to plaintiff's physical disability rating but increased his overall disability rating. *Id.*

#25-1] ¶¶ 3, 5; *see also* Am. Compl. ¶¶ 8–9. Sheets asked Harris to refrain from discussing the election because "political issues are generally avoided due to differing opinions and have the potential for disagreement." Sheets Decl. ¶ 7; *see also* Def.'s Facts ¶ 4. A verbal disagreement ensued between Harris and Sheets, and Sheets instructed Harris to leave the room. Am. Compl. ¶¶ 9–10; Def.'s Facts ¶ 5; Pl.'s Facts ¶ 5. Sheets sought assistance from the VA police. Am. Compl. ¶ 10; Def.'s Facts ¶ 6; Pl.'s Facts ¶ 6. Lieutenant William Nesbitt, Corporal Donald Christmas, and Sargent Denise Gentry responded to the location and instructed Harris to leave the therapy room. Am. Compl. ¶ 11; Def.'s Facts ¶¶ 7, 13; Pl.'s Facts ¶¶ 6–7. Outside of the therapy room, Sheets told the officers that Harris "caused a 'disturbance' and had been told to leave." Harris Aff. ¶ 9. Harris told police that Sheets was denying him PTSD treatment in violation of his rights, and Harris requested the assistance of a patient advocate. Def.'s Facts ¶¶ 8–9; Pl.'s Facts ¶¶ 8–9. The officers instructed Harris that he could not re-enter the therapy room. Am. Compl. ¶ 12; Def.'s Facts ¶ 26. Contrary to this directive, Harris "turned away and attempted to re-enter the room." Am. Compl. ¶ 13. The VA officers immediately restrained Harris and placed him in handcuffs. Am. Compl. ¶ 14; Def.'s Facts ¶ 9; Pl.'s Facts ¶ 14.

Following his arrest, Corporal Christmas and Sargent Gentry took Harris to the VMAC Emergency Department. Am. Compl. ¶ 17; Def.'s Facts ¶ 14; Pl.'s Facts ¶ 19. Harris received a bandage for a scrape on his left hand.[2] Def.'s Facts ¶ 28; Use of Force

---

[2] On December 12, 2008, plaintiff complained of numbness and weakness in his left thumb. *See* Supplemental Medical Records [Dkt. #30-1] 1. The neurologist

3

Event Record [Dkt. #20-8]. After he was discharged from the Emergency Department, Harris was placed in a holding cell and issued a citation for "disorderly conduct which creates loud, boisterous, unusual noise." United States District Court Violation Notice [Dkt. #20-7]; Am. Compl. ¶ 18; Def.'s Facts ¶ 27; Pl.'s Facts ¶ 26; Harris Aff. ¶ 18. The citation was ultimately dismissed without a hearing. Am. Compl. ¶ 18; Def.'s Facts ¶ 29; Pl.'s Facts ¶ 27; Decl. of Patricia Trujillo [Dkt. # 20-1] ¶ 5.

On January 18, 2011, plaintiff filed his original complaint against the VA. *See* Compl. [Dkt. #1]. Plaintiff filed an amended complaint on May 1, 2012. *See* Am. Compl. On September 5, 2012, defendant moved for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56. Def.'s Mot. to Dismiss or for Summ. J.. The Court will treat defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, as a motion for summary judgment.[3]

## STANDARD OF REVIEW

Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. Summary judgment is proper where the pleadings, stipulations, affidavits, and admissions in a case show that there is no genuine issue as to any material fact. FED.

---

determined that plaintiff's symptoms were consistent with progressing carpal tunnel syndrome. *Id.* at 31. Plaintiff was first diagnosed with left carpal tunnel syndrome in July of 2002. *Id.* at 1.

[3] When a party has filed a motion to dismiss and "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d).

R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court must accept as true the evidence of, and draw "all justifiable inferences" in favor of the party opposing summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue exists only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

## ANALYSIS

Drawing all justifiable inferences in favor of the plaintiff, I conclude that no reasonable jury could find that the arresting officers engaged in conduct amounting to false arrest and false imprisonment, assault and battery, negligence, negligent infliction of emotional distress, or intentional infliction of emotional distress.

In the District of Columbia, the torts of false arrest and false imprisonment are identical. *Joyce v. United States*, 795 F. Supp. 1, 4 (D.D.C. 1992), *aff'd*, 986 F.2d 546 (D.C. Cir. 1993). It is a required element of both torts that the detention at issue is "unlawful." *See id.* A showing of probable cause constitutes a valid defense to a claim of false arrest or imprisonment. *See Wilcox v. United States*, 509 F. Supp. 381, 384 (D.D.C. 1981). "Moreover, defendant need not show probable cause in a constitutional sense; it is sufficient that the arresting officer have a good faith, reasonable belief in the validity of the arrest and detention." *Gabrou v. May Dep't Stores Co.*, 462 A.2d 1102, 1104 (D.C. 1983). Here, Harris was arrested because he attempted to re-enter the group therapy room against the officers' unequivocal directive not to do so. The officers, therefore, had a good faith, reasonable belief in arresting and citing him for disorderly

conduct. Accordingly, summary judgment of the false arrest and false imprisonment claims must be granted in favor of defendant.

Plaintiff's claims for assault and battery are, not surprisingly, closely related to his claims for false arrest and false imprisonment. Where reasonable force is used to secure an arrest, probable cause is also a defense to assault and battery. *Joyce*, 795 F. Supp. at 4 (citing *Wilcox*, 509 F. Supp. at 386). Indeed, officers are privileged "to use such force as under the circumstances appears reasonably necessary" to make an arrest. *Hotson v. United States*, 566 F. Supp. 1125, 1132 (D.D.C. 1983) (quotations and citations omitted). Here, the arresting officers "[took plaintiff] to the ground and put [him] into restraints." Uniform Offense Report [Dkt. #20-6] at 2. Following plaintiff's arrest, two of the officers escorted him to the VMAC Emergency Department where he was treated for a scratch on his hand. Def.'s Facts ¶ 28; Use of Force Event Record. Plaintiff later complained of numbness and weakness in his left hand. *See supra* note 2. Plaintiff had made similar complaints in the past, however, and had been diagnosed with left carpal tunnel syndrome prior to his arrest. *Id.* Based on the totality of the circumstances here, there is no basis for a trier of fact to conclude that the officers used excessive force in executing the lawful arrest of plaintiff. Thus, defendant's motion for summary judgment as to assault and battery must also be granted. Similarly, the government is not liable for any negligence by the officers, and summary judgment on this claim must also be granted in favor of the defendant.

Finally, with respect to plaintiff's claim for intentional or negligent infliction of

emotional distress, plaintiff must show that the arresting officers "acted in an (1) extreme and outrageous manner (2) which was intentionally or recklessly calculated to cause plaintiff (3) severe emotional distress." *Joyce*, 795 F. Supp. at 5 (citing *Green v. Am. Broad. Cos.*, 647 F. Supp. 1359, 1362 (D.D.C. 1986)). In addition, damages are recoverable only where plaintiff suffers physical harm as a result of the actions alleged. *See id.* (citing *Green*, 647 F. Supp. at 1363). Having previously determined that plaintiff's arrest was secured with probable cause and reasonably necessary force, I similarly conclude that the officers' actions were neither extreme and outrageous nor intentionally or recklessly calculated to cause plaintiff severe emotion distress. *See Gabrou*, 462 A.2d at 1105. Accordingly, summary judgment must be granted in favor of defendant on plaintiff's claims for negligent infliction of emotional distress and intentional infliction of emotional distress.

## CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendant's Motion for Summary Judgment and DENIES plaintiff's Motion for Summary Judgment. An Order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge